UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20647-BLOOM/Torres

WILSHIRE INSURANCE COMPANY,

    Plaintiff,

v.

RAPAX, INC. d/b/a THE ROUNDTABLE,
LOUNGE, CLUB 112, INC., MONIKA
HENDERSON, STEPHANIE MORLEY,
and QUANESHA BRADLEY
    Defendants.
_____/

### ORDER ON WILSHIRE INSURANCE COMPANY'S MOTION FOR FINAL DEFAULT JUDGMENT

**THIS CAUSE** is before the Court on Wilshire Insurance Company's ("Plaintiff") Renewed Motion for Final Default Judgment. ECF No. [44] ("Motion"). Therein, Plaintiff requests that the Court enter Final Default Judgment against Defendants Rapax Inc. d/b/a The Roundtable Lounge and Club 112, Inc. ("Rapax") declaring that Plaintiff does not owe a duty to defend or indemnify Defendants in the underlying state court actions that are the subject of the above-styled action. The Court has reviewed the Motion, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.   BACKGROUND**

Defendants Monika Henderson ("Henderson") and Stephanie Morley ("Morley"), who were dismissed from this case with prejudice, *see* ECF Nos. [17], [18], filed suit against Rapax in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County. ECF No. [1-4]. According to their complaint, on January 18, 2018, Henderson and Morley patronized a lounge that Rapax owned and operated. *Id*. ¶ 19. At the lounge, a group of intoxicated persons confronted

Henderson and Morley. *Id*. ¶¶ 22-23. Henderson and Morley left the lounge in their vehicle, but the intoxicated patrons "chase[d]" after them. *Id*. ¶¶ 26-28. According to the complaint, "[i]n so doing, these individuals intentionally and criminally struck the rear of [Henderson and Morley's] vehicle with their vehicle, causing [Henderson and Morley's] vehicle to overturn and strike a tree on the side of the roadway." *Id*. ¶ 28.

Defendant Quanesha Bradley ("Defendant"), who was also dismissed from this action, *see* ECF Nos. [17], [18], similarly sued Rapax over being violently attacked. ECF No. [1-5]. According to Bradley, on January 18, 2018, she was at a lounge that Rapax owned and operated when a group of intoxicated patrons confronted her. *Id*. ¶ 20. Following the confrontation, Bradley left in her vehicle. *Id*. ¶ 25. Bradley's complaint alleges that "that group of people . . . simultaneously entered a separate vehicle that was also parked on [Rapax's] property and exited the parking lot at a high rate of speed to follow and chase [Bradley]." *Id*. ¶ 27. "[T]hese individuals intentionally and criminally struck the rear of [Bradley's] vehicle, causing [her] vehicle to overturn and strike a tree on the side of the roadway." *Id*. ¶ 28.

Rapax applied for and purchased a surplus lines commercial general liability insurance policy from Wilshire as the Named Insured, bearing Policy Number CP00176271, and effective from May 8, 2017 through May 8, 2018. ECF No. [1-6]. The policy states the following:

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> **EXCLUSION - ASSAULT AND/OR BATTERY**
>
> This Insurance does not apply to:
> A.    Any claims arising out of Assault and/or Battery, including actual or alleged Sexual Assault and/or Sexual Battery; or
>
> B.    Any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of you, your employees or volunteers, patrons or any other persons; or

> C. Claims, accusations or charges of negligent hiring, placement, training or supervision arising from any of the foregoing are not covered.
>
> We shall have no obligation to defend you, or any other insured, for any such loss, claim or suit.
>
> All other terms and conditions of the policy remain unchanged.

*Id.* at 14.

On February 17, 2023, Wilshire initiated the instant coverage action against Rapax, as well as Monika Henderson, Stephanie Morley, and Quanesha Bradley ("Claimants"). ECF No. [1]. After they were served, Claimants agreed to Plaintiff's filing of a stipulation of no coverage on April 17, 2023. ECF No. [16]. Rapax never responded to the Complaint; accordingly, on October 17, 2023, the Clerk entered a default. ECF Nos. [35] and [36].

## II. LEGAL STANDARD

### A. Default Judgment

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter a default judgment against a defendant who fails to plead or otherwise defend. A default judgment is warranted when the well-pleaded allegations in the complaint, which are taken as true due to the default, state a substantive cause of action and there is sufficient basis in the pleading for the particular relief sought. *See Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x. 860, 863 (11th Cir. 2007) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975)).

### B. Duty to Defend

"The duty to defend is determined by examining the allegations in the underlying complaint filed against the insured." *Md. Cas. Co. v. Smartcop, Inc.*, No. 4:11-CV-10100-KMM, 2012 WL 4344571, at *2 (S.D. Fla. Sept. 21, 2012) (quoting *Md. Cas. Co. v. Fla. Atl. Orthopedics, P.L.*, 771 F. Supp. 2d 1328, 1332 (S.D. Fla. 2011) (citing *Lime Tree Vill. Cmty. Club Ass'n v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993)), *aff'd*, 469 Fed. App'x 772. If the allegations

3

in the complaint show that no coverage exists or a policy exclusion applies, there is simply no duty to defend. *Md. Cas. Co.*, 771 F. Supp. 2d at 1332. And if there is no duty to defend, there is no duty to indemnify. *See Arch Specialty Ins. Co. v. Zicos, Inc.*, No. 2:19-cv-14406, 2020 WL 13348681, at *2 (S.D. Fla. June 30, 2020) (citing *Travelers Prop. Cas. Co. of Am. v. Salt 'N Blue LLC*, No. 17-14235, 2018 WL 2095483, at *1 n.2 (11th Cir. May 7, 2018)) (*Zicos*).

### C. Policy Interpretation

Under Florida law, "the interpretation of language in an insurance policy is a question of law[.]" *Northside Marina Ventures v. Lexington Ins. Co.*, No. 06-14205-CIV, 2007 WL 2316502, at *2 (S.D. Fla. Aug. 9, 2007) (citation omitted). "[I]f a policy provision is clear and unambiguous, it should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision." *Zicos*, 2020 WL 13348681, at *2 (quoting *Phila. Indem. Ins. v. Fla. Mem'l Univ.*, 307 F. Supp. 3d 1343, 1347 (S.D. Fla. 2018); alteration in original); *see also Travelers Indem. Co. of Connecticut v. Richard Mckenzie & Sons, Inc.*, 10 F.4th 1255, 1264 (11th Cir. 2021) (determining the "most common-sense and natural reading" of policy endorsement). "When a term in an insurance policy is undefined, it should be given its plain and ordinary meaning, and courts may look to legal and non-legal dictionary definitions to determine such meaning." *Deutsch v. Geico Gen. Ins.*, 284 So. 3d 1074, 1076 (Fla. 4th DCA 2019) (citation omitted).

### III. DISCUSSION

#### A. The Assault and Battery Exclusion

The Wilshire policy includes an Assault and/or Battery exclusion that summarily eliminates coverage for "[a]ny claims arising out of Assault and/or Battery . . . or . . . [a]ny act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of you, your employees or volunteers, patrons or any other persons[.]" ECF No. [1-6] at 14.

The exclusion includes the phrase "arising out of," which is interpreted broadly under Florida law as "originating from," "growing out of," or "flowing from." *Northfield Ins. Co. v. Key Largo Fisheries, Inc.*, No. 05-10113-CIV, 2006 WL 8433854, at *3 (S.D. Fla. June 22, 2006) (citing *Taurus Holdings, Inc. v. U.S. Fidelity & Guar. Co.*, 913 So.2d 528, 539 (Fla. 2005)). Claimants allege their injuries arose out of an assault and/or battery. They allege they were intentionally and criminally attacked by a group of Rapax patrons and that Rapax is liable for failing to protect them. ECF No. [1-4] ¶ 28; ECF No. [1-5] ¶ 28.

Florida courts have routinely enforced the Assault and/or Battery Exclusion under a wide array of circumstances. *See, e.g.*, *Britamco Underwriters, Inc. v. Zuma Corporation*, 576 So. 2d 965, 965 (Fla. 5th DCA 1991) (holding there was no coverage under Assault and Battery Exclusion for a bar fight); *Miami Beach Ent., Inc. v. First Oak Brook Corp.*, 682 So. 2d 161, 162 (Fla. 3d DCA 1996) (holding there was no coverage under Assault and Battery Exclusion where the claimant was struck by a bottle thrown by another patron at a bar); *One Point, Inc. v. United Nat'l Ins. Co.*, 2006 WL 8433642, at *1-*3, *7 (S.D. Fla. Mar. 31, 2006) (holding there was no coverage under Assault and Battery Exclusion for negligent security after the claimant was beaten and stabbed at the insured's parking lot); *Capitol Specialty Ins. Co. v. R.G. Rancho Grande Corp.*, 2010 WL 11597189, at *5 (S.D. Fla. Sept. 16, 2016) (holding there was no coverage under Assault and Battery Exclusion where a claimant was beaten and stabbed by a fellow patron at the insured restaurant); *Trisura Ins. Co. v. Lat. 29, Inc.*, 2022 WL 2784380, at *2 (N.D. Fla. May 12, 2022) (holding there was no coverage under Assault and Battery Exclusion for stabbing at insured bar).

Here, there is no question the Claimants' injuries arose out of an assault and/or battery. The Claimants allege they were patrons at Rapax's lounge, where they were confronted by other patrons who followed them outside. The Claimants attempted to drive away, but they were chased.

The aggressor group "intentionally and criminally struck the rear of [their] vehicle, causing [the] vehicle to overturn and strike a tree on the side of the roadway." ECF No. [1-4] ¶ 28; ECF No. [1-5] ¶ 28. All the allegations in Wilshire's complaint are deemed admitted based on the Clerk's default. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014). The Court therefore finds there is no coverage under the policy's Assault and/or Battery Exclusion.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Renewed Motion for Final Default Judgment, **ECF No. [44]**, is **GRANTED**.
2. Plaintiff does not owe a duty to defend or indemnify Rapax, Inc. d/b/a The Roundtable Lounge and/or Club 112, Inc. in the following underlying actions:
    a. *Monica Henderson and Stephanie Morley v. Club 112, Inc. and Rapax, Inc. d/b/a The Roundtable Lounge*, Case Number 2021-023718-CA-01 (Circuit Court of the Eleventh Judicial Circuit in and for the County of Miami-Dade); and
    b. *Quanesha Bradley v. Club 112, Inc. and Rapax, Inc. d/b/a The Roundtable Lounge*, Case Number 2022-000656-CA-01 01 (Circuit Court of the Eleventh Judicial Circuit in and for the County of Miami-Dade).
3. The Court will enter Final Default Judgment by separate order.
4. To the extent not otherwise disposed of, all pending motions are denied as **MOOT** and all deadlines are **TERMINATED**.

Case No. 23-cv-20647-BLOOM/Torres

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 11, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Rapax, Inc. d/b/a The Roundtable Lounge
11205 NW 7th Ave
Miami, FL 33168

Club 112, Inc.
11205 NW 7th Ave
Miami, FL 33168